1  Steven T. Gubner (Bar No. 156593)
   Robyn B. Sokol (Bar No. 159506)
2  **EZRA BRUTZKUS GUBNER LLP**
   21650 Oxnard Street, Suite 500
3  Woodland Hills, California 91367
   Telephone: (818) 827-9000
4  Facsimile: (818) 827-9099
   Email: sgubner@ebg-law.com
5         rsokol@ebg-law.com

6  Counsel for Debtor and Debtor-in-Possession

**FILED & ENTERED**

**JUL 27 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY remy        DEPUTY CLERK

7

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11             **SAN FERNANDO VALLEY DIVISION**

12

13  In re                                Case No. 1:10-bk-18827-GM

14  PACIFIC MESA STUDIOS, LLC,           Chapter 11

15         Debtor and Debtor-in-Possession.   **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

16

17                                       **Confirmation Hearing:**

18                                       Date:   July 7, 2011
                                         Time:   9:00 a.m.
19                                       Place:  Courtroom 303
                                                 United States Bankruptcy Court
20                                                21041 Burbank Boulevard
                                                 Woodland Hills, CA 91367
21

22

23

24

25

26

27

28  435172

1   The Confirmation Hearing with respect to Debtor's Plan of Reorganization under Chapter 11 of the

2   Bankruptcy Code [Docket No. 87] filed October 15, 2010 (the "Original Plan"), as modified by the

3   Notice of Technical Amendment to Debtor's Plan of Reorganization Under Chapter 11 of the

4   Bankruptcy Code dated June 24, 2011 [Docket No. 172] (the "Technical Plan Modification"), was

5   held on July 7, 2011, at 9:00 p.m., before the Honorable Geraldine Mund, United States Bankruptcy

6   Court Judge, in Courtroom 303, 21041 Burbank Boulevard, Woodland Hills, California.   The

7   Original Plan, as modified by the Technical Plan Modification and as further modified at the

8   Confirmation Hearing and pursuant to this Confirmation Order, is referred to herein as the "Plan").[1]

9   Appearances were made as indicated in the recorded transcript of the Confirmation Hearing.

10          The Court considered the pleadings and documents filed by Pacifica Mesa Studios, LLC

11  (the "Debtor") in support of confirmation of the Plan, including the: (1) Memorandum in Support of

12  Confirmation of Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated

13  June 27, 2011 (the "Confirmation Memorandum") [Docket No. 168]; (2) Declaration of Robyn

14  Sokol dated June 27, 2011 (the "Sokol Declaration") [Docket No. 168]; (3) Declaration of Dana

15  Arnold dated June 27, 2011 (the "Arnold Declaration") [Docket No.168]; (4) Declaration of Karla

16  Bagley dated June 27, 2011 (the "Ballot Analysis") [Docket Nos. 168, 169 & 171]; and (5) the Plan

17  Supplement dated June 30, 2011 (the "Plan Supplement") [Docket No. 172]; and, collectively with

18  the Confirmation Memorandum, the Sokol Declaration, the Arnold Declaration and the Ballot

19  Analysis (the "Supporting Documents").

20          The Court considered that the Plan is supported by the Debtor, the First Lien Lender and the

21  overwhelming majority of the Debtor's pre-petition unsecured creditors who voted on the Plan.

22          The Court also considered the objections to the Plan filed by or on behalf of Workers Realty

23  Trust II, L.P. (the "Workers Objection") and Nick Smerigan, RoadTown Enterprises, Ltd., Jeremy

24  Hariton, and Burn & Rave Enterprises, Ltd. (the "Smerigan Objection").   [Docket Nos. 165 & 166].

25

26

27

28  ---
    [1]  Terms that are not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

1    Based on the above and upon the arguments of counsel and any evidence presented at the

2    Confirmation Hearing, the Court hereby makes the following findings of fact and conclusions of

3    law:[2]

4    It hereby is FOUND AND DETERMINED THAT:

5    A.    <u>Jurisdiction and Venue</u>.  This is a core proceeding within the meaning of 28 U.S.C.

6    § 157(b)(2)(A), (L) and (O).  This matter arises under the Bankruptcy Code, Title 11 of the United

7    States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>"), and jurisdiction is vested in this

8    Court to enter a final order by virtue of 28 U.S.C. § 1334 (a) and (b) and 28 U.S.C. §§ 151, 157(a)

9    and (b)(1).  These findings of fact and conclusions of law are being entered under Rules 7052 and

10    9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

11    B.    <u>Debtor; No Committee</u>.  The Debtor is a California limited liability company and is

12    eligible to be a debtor under section 109 of the Bankruptcy Code.  The Debtor filed its voluntary

13    petition for relief under Chapter 11 of the Bankruptcy Code on July 20, 2010 (the "<u>Commencement</u>

14    <u>Date</u>").  Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its

15    businesses and managing its properties and affairs as a debtor and debtor-in-possession.  An official

16    committee of unsecured creditors was not appointed in the Reorganization Case.

17    C.    <u>Judicial Notice</u>.  The Court takes judicial notice of the contents of the docket of the

18    Reorganization Case maintained by the Clerk of the Court, including, without limitation, all

19    pleadings and other documents filed, all orders entered, and all evidence and arguments made,

20    proffered or adduced at, the hearings held before the Court during the pendency of the

21    Reorganization Case.

22    D.    <u>Evidentiary Record</u>.  The Supporting Documents and the evidentiary record of the

23    Confirmation Hearing are persuasive and credible and have not been controverted by any other

24    evidence, and along with the record of the prior proceedings in this case support the findings of fact

25    and conclusions of law set forth in the following Paragraphs.

26

27    [2] This Confirmation Order constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules
7052 and 9014.  All such findings of fact shall constitute findings of fact even if stated as conclusions of law, and all

28    such conclusions of law shall constitute conclusions of law even if stated as findings of fact.

1    E.    Burden of Proof.  The Debtor, as the proponent of the Plan, has the burden of

2    proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the

3    evidence, and, as set forth below, the Debtor has met that burden.

4    F.    Solicitation Procedures Order.  On December 21, 2010, the Court entered the Order

5    Granting Debtor's First Amended Disclosure Statement; (B) Scheduling a Hearing on Confirmation

6    of the Debtor's Chapter 11 Plan of Reorganization; (C) Establishing Other Hearing Dates and

7    Deadlines Related Thereto (the "Solicitation Procedures Order") [Docket No. 104].  The

8    Solicitation Procedures Order, among other things, (i) approved the First Amended Disclosure

9    Statement as containing adequate information within the meaning of section 1125 of the

10   Bankruptcy Code and Bankruptcy Rule 3017; (ii) fixed the date and time for voting to accept or

11   reject the Plan; (iii) fixed the date and time for the commencement of the Confirmation Hearing;

12   (iv) established the objection deadline and procedures for objecting to the Plan; and (v) approved

13   the method of notice of the confirmation hearing.

14   G.    Notice and Due Process.  On December 29, 2010, the Debtor served the First

15   Amended Disclosure Statement, the Original Plan, the Ballot for Accepting or Rejecting Plan and

16   the Notice of Hearing on Plan Confirmation on all creditors, interest holders, interested parties and

17   the United States Trustee.  In accordance with the Approval Order and as set forth in the Notice of

18   Hearing on Plan Confirmation, an evidentiary hearing on confirmation of the Original Plan was set

19   for February 24 and 25, 2011, but was removed from the Court's calendar for various reasons.  On

20   May 3, 2011, this Court rescheduled the confirmation hearing for July 7, 2011. On May 18, 2011,

21   the Debtor served a Notice of Hearing on Confirmation ("Confirmation Hearing Notice") [Docket

22   No. 158] on all creditors, interest holders, interested parties and the United States Trustee and

23   provided notice of the Confirmation Hearing and of the time fixed for filing objections to

24   confirmation of the Original Plan.  The Confirmation Hearing Notice fully and adequately

25   described the requested relief; was reasonable and appropriate; and complied in all regards with due

26   process.  The Confirmation Hearing Notice also complied with the applicable provisions of (1) the

27   Bankruptcy Code; (2) the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017, 3018, and

28   3019; (3) the Local Rules of the United States Bankruptcy Court for the Central District of

4

California (the "Local Rules"); and (4) all relevant orders of this Court, including the Solicitation Procedures Order.

H.     Solicitation.  The Debtor conducted its solicitation of acceptances or rejections of the Original Plan and its related distribution and tabulation of ballots with respect to that solicitation in good faith.  The solicitation, distribution and tabulation complied with the Solicitation Procedures Order; all applicable provisions of the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018); all applicable provisions of the Bankruptcy Code (including sections 1125, 1126 and 1127); and all other applicable laws, rules and regulations.

I.     Appropriate Notice.  All appropriate governmental units (as defined in section 101 of the Bankruptcy Code) were given adequate notice of the confirmation objection deadline and the Confirmation Hearing as required by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  All parties-in-interest entitled to receive notice of the Confirmation Hearing were given adequate notice of the confirmation objection deadline and the Confirmation Hearing as required by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and orders of this Court.  All parties-in-interest and governmental units (as defined in section 101 of the Bankruptcy Code) had the opportunity to appear and be heard at the Confirmation Hearing.

J.     Plan Modification.  Subsequent to filing the Original Plan, the Debtor (i) filed the Technical Plan Modification on June 30, 2011, as part of the Plan Supplement, regarding the entity that will receive the New Membership Interests of the Reorganized Debtor, (ii) modified the Original Plan on the record at the Confirmation Hearing regarding Releases and Exculpations contained in Sections 10.6(b) and 10.7 of the Original Plan, and (iii) added the Industrial Water Engineering Agreement (as defined herein) to the Schedule of Assumed Contracts attached to Exhibit 3 of the Plan Supplement (collectively, the "Plan Modifications").  None of the Plan Modifications adversely affects the treatment of any Claim against or Interest in the Debtor.  The filing of the Technical Plan Modification as part of the Plan Supplement and the disclosure of the Plan Modifications on the record at the Confirmation Hearing constitute due and sufficient notice thereof.  Accordingly, pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of the Plan Modifications requires additional disclosure under section 1125 of the Bankruptcy Code or re-

5

solicitation of votes under section 1126 of the Bankruptcy Code, nor does either Plan Modification require that Holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Original Plan. The Original Plan, as modified by the Plan Modifications shall constitute the Plan submitted for confirmation by the Court.

K.    Deemed Acceptance of Plan as Modified.  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Original Plan or who are conclusively presumed to have accepted the Original Plan are deemed to have accepted the Plan as modified by the Plan Modifications. No Holder of a Claim shall be permitted to change its vote as a consequence of the Plan Modifications.

L.    Proper Classification and Designation of Classes (Sections 1122 and 1123(a)(1)).  Section 1123(a)(1) of the Bankruptcy Code provides that a plan must designate certain classes of claims and interests.  The classification of Claims and Interests under the Plan complies with sections 1122 and 1123(a)(1) of the Bankruptcy Code.  Administrative Expense Claims and Priority Tax Claims are not classified as provided for in section 1123(a)(1) of the Bankruptcy Code.  With respect to the Claims and Interests classified in Classes 1 through 7 of the Plan, each Claim and Interest placed in a particular Class pursuant to the Plan is substantially similar to the other Claims or Interests, as the case may be, in such Class.  The Plan's classifications conform to the statute and separately classify claims based on valid business and legal reasons. The Debtor's classification has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Interest in the Debtor's Estate and was not proposed to create a consenting impaired class and, thereby, manipulate class voting.  Without limiting any of the foregoing, the classification of the Claims of the First Lien Lender and the Claims of the Second Lien Lender in separate Classes is appropriate.  Section 1123(a)(1) of the Bankruptcy Code is satisfied.

M.    Unimpaired Classes (Section 1123(a)(2)).  In accordance with section 1123(a)(2) of the Bankruptcy Code, Section 3 of the Plan specifies the unimpaired classes of Claims as follows: Claims classified in Classes 1, 2, 5A and 5B are not impaired under the Plan.  Claims and Interests classified in Classes 3, 4, 6 and 7 are impaired under the Plan.  Section 1123(a)(2) of the Bankruptcy Code is satisfied.

N.     Treatment of Impaired Classes (Section 1123(a)(3)).  In accordance with section 1123(a)(3) of the Bankruptcy Code, Section 4 of the Plan specifies the treatment of holders of Claims in impaired Classes 3, 4 and 6 and holders of Interests in impaired Class 7.  Section 1123(a)(3) of the Bankruptcy Code is satisfied.

O.     No Discrimination (Section 1123(a)(4)).  Section 1123(a)(4) of the Bankruptcy Code requires that a plan provide the same treatment for each claim or interest in a particular class, unless the holder of a claim or interest agrees to less favorable treatment of such particular claim or interest.  The Plan provides for the same treatment of each Claim or Interest in a particular Class.  Section 1123(a)(4) of the Bankruptcy Code is satisfied.

P.     Implementation of the Plan (Section 1123(a)(5)).  The Plan provides adequate means for its implementation, as set forth in Section 5 of the Plan.  Section 5 of the Plan provides for the means for execution of the Plan, including, without limitation, the funding of the Plan through the Exit Financing Facility, if necessary, the issuance of New Membership Interests to the First Lien Lender or its designee, the amendment and restatement of the Debtor's operating agreement, the retention by the Reorganized Debtor of the Managers to manage the business of the Reorganized Debtor pursuant to the Management Agreement, the cancellation of all Equity Interests in the Debtor, and the vesting of all assets of the Debtor in the Reorganized Debtor.  Section 1123(a)(5) of the Bankruptcy Code is satisfied.

Q.     Charter Provisions (Section 1123(a)(6)).  Section 1123(a)(6) of the Bankruptcy Code requires that a plan provide for the inclusion in the charter of a reorganized debtor or of a corporation to which all or part of the Debtor's assets are transferred or with which a debtor is merged or consolidated of a provision prohibiting the issuance of non-voting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes.  The Reorganized Debtor is not a corporation, and therefore section 1123(a)(6) of the Bankruptcy Code is not applicable.

R.     Selection of Any Officer, Director or Trustee (Section 1123(a)(7)).  Section 1123(a)(7) of the Bankruptcy Code requires a plan to provide for the selection of any director, officer or trustee (and any successor) under such plan in a manner consistent with the

1  interests of creditors and equity security holders and with public policy.  Sections 5.6 and 5.7 of the

2  Plan provide for the designation by the First Lien Lender, the holder (on its own behalf or through

3  its designee) of all of the New Membership Interests, of the officers, if any, and managers of the

4  Reorganized Debtor in the Plan Supplement.  In addition, the Amended and Restated Operating

5  Agreement, which was filed as part of the Plan Supplement, provides that the holder of the New

6  Membership Interests may remove and replace the managers of the Reorganized Debtor.  Pursuant

7  to the Plan Supplement, the First Lien Lender designated James Freel and Joseph LoMonaco as the

8  initial managers of the Reorganized Debtor. The Plan Supplement provides that the Reorganized

9  Debtor will not have any officers as of the Effective Date, but that it has the right to appoint officers

10  in the future.  The manner of selecting such persons is consistent with public policy and the

11  interests of creditors, and satisfies section 1123(b)(7) of the Bankruptcy Code.

12      S.      Impaired and Unimpaired Classes of Claims and Interests (Section 1123(b)(1)).

13  Section 1123(b)(1) of the Bankruptcy Code provides that a plan may impair or leave unimpaired

14  any class of claims or interests.  Section 3 of the Plan specifies which classes are impaired and

15  which classes are unimpaired. Classes 4, 6 and 7 are impaired under the Plan.

16      T.      Executory Contracts and Unexpired Leases (Section 1123(b)(2)).

17  Section 1123(b)(2) of the Bankruptcy Code permits a plan to provide for the assumption, rejection

18  or assignment of executory contracts and unexpired leases not previously rejected.  Section 8.1 of

19  the Plan provides for the rejection of all executory contracts and unexpired leases of the Debtor,

20  including without limitation, the Management Services Agreement dated as of March 1, 2007,

21  between the Debtor and Pacifica Ventures LLC, except any executory contract or unexpired lease

22  that (i) previously has been assumed or rejected pursuant to Final Order of the Bankruptcy Court,

23  (ii) is specifically designated as a contract or lease to be assumed on the Schedule of Assumed

24  Contracts filed as part of, or prior to the filing of, the Plan Supplement, or (iii) is the subject of a

25  separate assumption or rejection motion filed by the Debtor, with the consent of the First Lien

26  Lender, under section 365 of the Bankruptcy Code prior to the Confirmation Date.  The Debtor has

27  exercised sound business judgment in connection with the assumption or rejection of the executory

28  contracts and unexpired leases.

U.     Retention or Settlement of Debtor Causes of Action (Section 1123(b)(3)).

Section 1123 (b)(3) of the Bankruptcy Code permits a plan to provide for the retention,

enforcement, settlement or adjustment by the debtor or by an appointed representative of the estate

of any claim or interest belonging to the debtor or the estate.  The Plan does not provide for the

settlement or adjustment of any claim of the Debtor or its estate.  The Plan does provide for the

vesting in the Reorganized Debtor of all property of the Debtor's estate (see Sections 5.8 and 10.1

of the Plan), including without limitation causes of action (see Section 7.05 of the Plan).  The First

Amended Disclosure Statement further identifies and discloses all material causes of action known

to the Debtor such that the requirements of *In re Heritage Hotel*, 160 B.R. 374 (B.A.P. 9th Cir.

1992), *aff'd*, 59 F.3d 175 (9th Cir. 1995) and *The Alary Corp. v. Sims (In re Associated Vintage*

*Group, Inc.)*, 283 B.R. 549 (B.A.P. 9th Cir. 2002) are satisfied, consistent with section 1123(b)(3)

of the Bankruptcy Code.

V.     Other Appropriate Plan Provisions (Section 1123(b)(6)).  Section 1123(b)(6) of the

Bankruptcy Code authorizes the inclusion in a plan of any other appropriate provision that is not

inconsistent with the Bankruptcy Code.  The Plan contains many such provisions, including

specifically and without limitation those listed in the operative portion of this Confirmation Order,

all of which were specifically bargained for by the Debtor and the First Lien Lender, and none of

which is inconsistent with the Bankruptcy Code.

W.     The Plan Proponent Has Properly Presented the Plan (Section 1127(a)).  The Debtor

has properly presented the Plan for confirmation without further solicitation pursuant to section

1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019 because the Plan Modifications do not

adversely affect any Class that has accepted the Original Plan and no purpose would be served by

requiring a resolicitation of creditors' votes on the Plan.  Votes cast in favor of the Original Plan

shall be deemed to be cast in favor of the Plan.

X.     The Plan Complies With the Bankruptcy Code (Section 1129(a)(1)).  For the reasons

set forth above, the Plan complies with the Bankruptcy Code and, therefore, satisfies the

requirements of section 1129(a)(1) of the Bankruptcy Code.

Y.   The Debtor Has Complied With the Bankruptcy Code (Section 1129(a)(2)).  The
Debtor has complied with the applicable provisions of the Bankruptcy Code.  The solicitation of
acceptances and rejections from holders of impaired Claims has been in compliance with the
applicable provisions of the Bankruptcy Code (including, without limitation, section 1125 of the
Bankruptcy Code), the Bankruptcy Rules, the Local Rules and orders of the Court.  The solicitation
of votes from holders of Claims was undertaken in good faith, and therefore the Debtor is entitled to
the protections of section 1125(e) of the Bankruptcy Code.  Section 1129(a)(2) of the Bankruptcy
Code is satisfied.

Z.   Plan Proposed in Good Faith (Section 1129(a)(3)).  In accordance with
Section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by
any means forbidden by law.  In determining that the Plan has been proposed in good faith, the
Court has examined the totality of the circumstances surrounding the formulation of the Plan.
Based thereon, the Court concludes that the Plan has been proposed with the legitimate and honest
purposes of reorganizing the Debtor's business and maximizing the distributions available to
creditors.  The Reorganized Debtor will continue to operate the Debtor's business.  Attendant to
this continued operation of that business is the continued employment of the Debtor's employees.
The Plan is the product of arm's-length negotiations between the Debtor and the First Lien Lender.
Significantly, the Plan is overwhelmingly supported by the Holders of Class 6 Claims in this
Reorganization Case.  Section 1129(a)(3) of the Bankruptcy Code is satisfied.

AA.   Payments of Costs and Expenses (Section 1129(a)(4)).  Section 1129(a)(4) of the
Bankruptcy Code requires that any payment to be made by a debtor for services or for costs and
expenses in connection with the case, or in connection with a plan and incident to the case, has been
approved by, or is subject to the approval of, the court as reasonable. Section 2.2 of the Plan
requires that all professional fees be approved by the Court after notice and hearing.  Thus, all
professional fees and expenses not previously approved by the Court will remain subject to the
jurisdiction of the Court, and ultimately, the approval of the Court as reasonable.
Section 1129(a)(4) of the Bankruptcy Code is satisfied.

1           BB.    Disclosures Regarding Officers and Directors (Section 1129(a)(5)).  Section

2    1129(a)(5) of the Bankruptcy Code requires that the proponent of a plan disclose the identity of any

3    individual proposed to serve, after confirmation, as a director or officer of the debtor, and the

4    identity of any insider that will be employed or retained by the reorganized debtor, and the nature of

5    any compensation for such insider. That section also requires that the appointment to, or

6    continuance in an office by such an individual is consistent with the interest of creditors and equity

7    security holders and with public policy.  Sections 5.6 and 5.7 of the Plan provide for the designation

8    by the First Lien Lender of the officers, if any, and managers of the Reorganized Debtor.  Pursuant

9    to the Plan Supplement, the First Lien Lender designated James Freel and Joseph LoMonaco as the

10    initial managers of the Reorganized Debtor. The Plan Supplement provides that the Reorganized

11    Debtor will not have any officers as of the Effective Date, but that it has the right to appoint officers

12    in the future.  Pursuant to Section 5.4 of the Plan, the Reorganized Debtor and a newly-formed

13    entity owned by the Managers will enter into the Management Agreement on the Effective Date.

14    The Management Agreement, a draft of which was filed as part of the Plan Supplement, provides

15    the compensation that is payable to the Managers and the other terms of their retention.  The

16    appointment of the identified managers of the Reorganized Debtor and the proposed compensation

17    to the Managers who will manage the Reorganized Debtor's operations on behalf of, and subject to

18    the oversight of, the Reorganized Debtor, each on the terms disclosed by the Debtor, is consistent

19    with the interests of creditors and equity security holders and with public policy.

20    Section 1129(a)(5) of the Bankruptcy Code is satisfied.

21           CC.    No Rate Change (Section 1129(a)(6)).  No government or regulatory commission

22    has jurisdiction over the rates charged by the Debtor for its goods and services.  Section 1129(a)(6)

23    of the Bankruptcy Code does not apply to the Plan.

24           DD.    Best Interests of Creditors (Section 1129(a)(7)).  The Court is satisfied that, with

25    respect to each impaired Class of Claims or Interests, each holder of a Claim or Interest will receive

26    or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective

27    Date, that is not less than the amount that such holder would so receive or retain if the Debtor was

28

liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date.  Section 1129(a)(7) of the Bankruptcy Code is satisfied.

EE.    Plan Acceptance (Section 1129(a)(8)).  Classes 1, 2, 5A and 5B are not impaired by, and are deemed to have accepted, the Plan.  By virtue of the vote record as filed with the Court and stated in the Declaration of Karla Bagley, the holders of Claims in Classes 3 and 6, each an impaired Class under the Plan, have accepted the Plan.  The Holder of Claims in Class 4 and the Holders of the Interests in Class 7 shall neither receive nor retain any property under the Plan and, therefore, are conclusively deemed to have rejected the Plan.   Section 1129(a)(8) of the Bankruptcy Code is not satisfied as to Classes 4 and 7, thereby requiring that the Plan be confirmed with respect to such Classes under section 1129(b) of the Bankruptcy Code.

FF.    Plan Treatment of Administrative Expense Claims, Professional Compensation and Reimbursement Claims, Substantial Contribution Claims and Priority Tax Claims (Section 1129(a)(9)).  The treatment of Administrative Expense Claims, Priority Tax Claims and Other Priority Claims under Section 2.1, Section 2.3 and Section 4.1 of the Plan, respectively, satisfies the applicable requirements of section 1129(a)(9) of the Bankruptcy Code.

GG.    At Least One Impaired Class Accepted the Plan (Section 1129(a)(l0)).  Classes 3 and 6, each an impaired Class under the Plan, have accepted the Plan.  The accepting votes in Classes 3 and 6 include no insider of the Debtor.  Section 1129(a)(10) of the Bankruptcy Code is satisfied.

HH.    Feasibility (Section 1129(a)(11)).  The evidence presented by the Debtor at the Confirmation Hearing established that the Plan offers a reasonable prospect of success and that it will not likely be followed by a liquidation or the need for further financial reorganization. Section 1129(a)(11) of the Bankruptcy Code is satisfied.

II.    United States Trustee Fees (Section 1129(a)(12)).  The Plan complies with Section 1129(a)(12) of the Bankruptcy Code in that all fees due and payable under 28 U.S.C. § 1930 will be paid by the Debtor in accordance with section 12.1 of the Plan.

JJ.    Retiree Benefits (Section 1129(a)(13)).  Sections 1114 and 1129(a)(13) of the Bankruptcy Code require the continued payment, after the effective date of a plan, of certain retiree benefits.  The Debtor does not provide continuing employee benefits for retired employees, so no

retiree benefits are required to be paid under the Plan.  Section 1129(a)(13) is therefore inapplicable.

KK.    Domestic Support Obligations (Section 1129(a)(14)).  Section 1129(a)(14) of the Bankruptcy Code, which requires a debtor to pay domestic support obligations required to be paid by judicial or administrative order, has no application to the Plan or this Reorganization Case.

LL.    Distributions in a Case in Which the Debtor is an Individual (Section 1129(a)(15)). Section 1129(a)(15) of the Bankruptcy Code applies to cases in which the debtor is an individual, and accordingly, has no application to the Plan or this Reorganization Case.

MM.    Transfers in Accordance with Non-Bankruptcy Law (Section 1129(a)(16)).  Section 1129(a)(16) of the Bankruptcy Code applies only to cases of nonprofit entities, and accordingly has no application to the Plan or this Reorganization Case.

NN.    Cramdown (Section 1129(b)).  Section 1129(b) of the Bankruptcy Code provides for the confirmation of a plan over the objection of non-consenting classes ("cramdown") if all the subsections of 11 U.S.C. § 1129(a) are satisfied except for section 1129(a)(8). Section 1129(b) requires, in essence, that the plan not discriminate unfairly and that it accord "fair and equitable" treatment to each dissenting impaired class.

(a)    As demonstrated above, all applicable requirements of section 1129(a) of the Bankruptcy Code, other than those of section 1129(a)(8), have been met with respect to the Plan.

(b)    Classes 4 and 7 are deemed to have rejected the Plan.

(c)    The Plan does not discriminate unfairly with respect to Classes 4 and 7.

(d)    Class 4 consists of the Second Lien Lender Claims and includes all Claims arising under or in connection with the Second Lien Loan Documents, regardless of the extent to which such Claims are Secured Claims.  By the "Election Pursuant to 11 U.S.C. § 1111(b)(2) and Fed. R. Bankr. P. 3014 By Workers Realty Trust II, L.P." ("Election") [Docket No. 100], Workers Realty Trust II, L.P. ("Workers") elected to have its secured claim treated as fully secured with respect to the Plan.  Thus, the Second Lien Lender Claims in Class 4 are to be treated solely as secured claims.

(e)    Pursuant to the Intercreditor Agreement, which shall remain in full force and effect, and except as to the proceeds, if any, of the New Market Tax Credits ("NMTC Proceeds"), (i) all of the Second Lien Lender Claims are subject and subordinate in all respects to the First Lien Lender Claims, and (ii) any payment or distribution in

(f)     Pursuant to the Final Order (I) Authorizing Debtor (A) To Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364, (B) To Use Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Certain Protections to Prepetition Lender Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364 [Docket No.62] (the "Final DIP Order"), the Debtor stipulated that the aggregate principal amount of the First Lien Lender Claims is not less than $74,135,131.40, plus all accrued and unpaid interest, plus all fees, costs and expenses incurred in connection therewith, and all other Obligations (as defined therein) under the First Lien Credit Agreement. This stipulation is binding on all persons and entities. See Final DIP Order, ¶¶ E(ii) and 19.

(g)     According to the CBRE Appraisal dated October 25, 2010, the Studio has a value of $45.3 million on an "as Stabilized – Going Concern" basis. See Declaration of James Freel and Exhibit A attached to the "Opposition of The Senior Lender to Workers' Realty Trust II, L.P.'s Motion to Dissolve Preliminary Injunction" [Adv. Docket No. 44]. The First Amended Disclosure Statement provides that Debtor believes the Studio has a going concern value of $53,484,030. See First Amended Disclosure Statement, pp. 23 and 58. The Disclosure Statement filed by Workers [Docket No. 142] provides that Duff & Phelps values the Studio at $27,500,000. Based on these numbers and the liens on the Studio, the Second Lien Lender's Secured Claim is worth $0.00.

(h)     The Second Lien Lender Claims in respect of the NMTC Proceeds are not subordinated to the First Lien Lender Claims as and to the extent provided in the Intercreditor Agreement, but for the reasons set forth in the First Amended Disclosure Statement and the Confirmation Brief, the NMTC Proceeds do not have any value and there is no evidence in the record to the contrary.

(i)     Accordingly, the Plan is fair and equitable with respect to Class 4 because it provides the Second Lien Lender the "indubitable equivalent" with respect to its secured claim.

(j)     The Plan is fair and equitable with respect to Class 7 pursuant to section 1129(b)(2)(C)(ii) because no Class of Interests junior to Class 7 is entitled to receive a distribution pursuant to the Plan. Moreover, based on the evidence presented in Court at the Confirmation Hearing regarding the Liquidation Analysis, there is no possible recovery for Class 7 and no Class will receive more than 100% pursuant to the Plan to the detriment of Class 7.

OO.     Principal Purpose of the Plan (Section 1129(d)). The Plan complies fully with the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

14

PP.    <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

QQ.    <u>Good Faith Solicitation (Section 1125(e))</u>.  Based on the record in the Reorganization Case, the Debtor and each of its current officers, directors, members, employees, agents, representatives, advisors and attorneys have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to the Plan.

RR.    <u>Plan Supplement</u>.  The Management Agreement and the Amended and Restated Operating Agreement, as they may be amended as contemplated and permitted by the Plan, are, in the judgment of the parties, necessary and appropriate to effectuate the Plan and the Court so finds.

SS.    <u>Executory Contracts and Unexpired Leases</u>.  The Plan constitutes a motion to assume the unexpired leases and executory contracts set forth on the Schedule of Unexpired Leases and Executory Contracts to be Assumed that was filed with the Plan Supplement, and with respect to Industrial Water Engineering, Inc. – Professional and Technical Services Contract 7 (the "Industrial Water Engineering Agreement") as provided in the First Amended Disclosure Statement and on the record at the Confirmation Hearing.  The Debtor served copies of such Schedule, as well as the First Amended Disclosure Statement, the Original Plan, the original Notice of Hearing on Plan Confirmation and the Confirmation Hearing Notice, on all parties to all executory contracts and unexpired leases with the Debtor that had not been previously assigned or expired.  All such parties have received due and adequate notice of the proposed assumption of the leases and contracts identified on the Schedule of Unexpired Leases and Executory Contracts to be Assumed. No objection to the assumption of any of the leases or contracts on such Schedule was filed.  The Debtor has submitted sufficient evidence that the conditions set forth in section 365 of the Bankruptcy Code for the assumption of the leases and contracts identified on the Schedule of Unexpired Leases and Executory Contracts to be Assumed, as well as the Industrial Water Engineering Agreement, are satisfied.

1        TT.    <u>Releases, Discharges, Exculpation and Injunctions</u>.  Each of the discharge, release,

2  indemnification and exculpation provisions set forth in the Plan, as such provisions have been

3  modified by this Confirmation Order, or in this Confirmation Order: (i) is within the jurisdiction of

4  the Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) is an essential means of

5  implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) is an integral

6  element of the transactions incorporated into the Plan; (iv) confers material benefit on, and is in the

7  best interests of, the Debtor, its estate and its creditors; (v) is important to the overall objectives of

8  the Plan to finally resolve Claims among or against the parties-in-interest in the Reorganization

9  Case with respect to the Debtor and its capitalization, operation and reorganization; (vi) is

10  consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code;

11  and (vii) as to the First Lien Lender and the DIP Lender, is appropriate and gives effect to the

12  stipulation of the Debtor in the Final DIP Order, binding on all persons and entities pursuant to the

13  terms thereof, that as of August 17, 2010, there existed no claim or cause of action against the First

14  Lien Lender or the DIP Lender with respect to, in connection with, related to, or arising from the

15  First Lien Credit Agreement or DIP Loan Agreement that could have been asserted by the Debtor or

16  any other person or entity.  <u>See</u> Final DIP Order, ¶¶ E(v) and 19.  For the sake of clarity, and as set

17  forth on the record of the Confirmation Hearing: (a) Second Lien Lender is not granting and shall

18  not be deemed to have granted the releases set forth in Section 10.6(b) of the Plan; (b) to the extent

19  of any inconsistency, the First Lien Lender's rights pursuant to section 4.3 of the Plan shall in no

20  way be abrogated by the provisions set forth in Section 10.6(b) of the Plan; and (c) to the extent of

21  any inconsistency, the Second Lien Lender's rights pursuant to section 4.4 of the Plan shall in no

22  way be abrogated by the provisions set forth in Section 10.6(b) of the Plan.

23        The injunction provisions set forth in the Plan, as such provisions have been modified by

24  this Confirmation Order, are necessary to preserve and enforce the release, exculpation, third party

25  release and injunction provisions set forth in the Plan, as such provisions have been modified by

26  this Confirmation Order, and are narrowly tailored to achieve that purpose.

27        The releases and discharges of claims and causes of action by the Debtor set forth in Section

28  10.6(a) of the Plan represent a valid exercise of the Debtor's business judgment.  Pursuing any such

claims that the Debtor has or may have against the Released Parties is not in the best interest of the various constituencies of the Debtor's Estate.  The Debtor's release of the Released Parties will eliminate the costs and risks of litigation and allow the principals of the Reorganized Debtor to focus on operations after emergence, as opposed to being distracted by litigation (either as a party to such litigation themselves or the stakeholders who will bear the burdens of the Debtor's investigation, prosecution or participation in such litigation).  In addition, the releases in Section 10.6(a) of the Plan are an integral part of the Plan and the support of the Plan by the First Lien Lender and the DIP Lender, including the DIP Lender's agreement to waive all claims arising under or in connection with the DIP Loan Agreement.  The releases set forth in Section 10.6(a) are fair, necessary, equitable, reasonable, and in the best interests of the Debtor's Estate.

The exculpation provisions set forth at Section 10.7 of the Plan, as modified by this Confirmation Order, are appropriately tailored to protect the exculpated parties from inappropriate litigation, primarily arising out of the negotiation, formulation, dissemination, confirmation, consummation or administration of the Plan, or property to be distributed under the Plan, or any other act or omission in connection with the Reorganization Case, the Plan or any agreement or document related thereto or delivered thereunder, and do not exculpate any party other than the Debtor's current managers, directors, officers, employees, affiliates, agents, financial advisors, investment bankers, Professionals, accountants and attorneys (collectively the "Debtor Affiliated Parties") and the Debtor.  The Debtor Affiliated Parties shall only be exculpated for acts or omissions to the extent such acts or omissions are determined by a Final Order of a court of competent jurisdiction to have constituted negligence, gross negligence, willful misconduct, fraud, or criminal conduct, and Section 10.7 does  not exculpate the Debtor Affiliated Parties for any act or omission that was taken in bad faith or that would not be protected by the business judgment rule.  The exculpation provisions of the Plan set forth in Section 10.7, as modified by this Confirmation Order, are consistent with section 1125(e) and applicable Ninth Circuit law.

The release, exculpation and injunction provisions in or approved through this Confirmation Order are the product of negotiation among the Debtor, the First Lien Lender and the DIP Lender, and are a critical component of the Plan.  Accordingly, the Court finds that the release, exculpation

17

and injunction provisions set forth in the Plan, as such provisions have been modified by this Confirmation Order, or in this Confirmation Order are necessary and appropriate under the circumstances.

UU.    <u>Exemption from Securities Laws</u>.  Pursuant to section 1145 of the Bankruptcy Code, the issuance under the Plan of the New Membership Interests shall be exempt from registration under the Securities Act.

VV.    <u>Transfer Instruments</u>.  The making and delivery of any deed, bill of sale or any other related instruments contemplated under the Plan constitutes "the making or delivery of an instrument of transfer under a plan confirmed under section 1129" of the Bankruptcy Code within the meaning of section 1146(c) of the Bankruptcy Code.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    <u>Confirmation</u>.  Pursuant to section 1127 of the Bankruptcy Code, the Plan Modifications are approved, and pursuant to section 1129 of the Bankruptcy Code, the Plan is hereby confirmed.  The confirmed Plan is Docket No. 87 of Case No. 1:10-bk-18827-GM and is incorporated herein by reference.  The terms of the Plan and the Plan Supplement and the respective exhibits and schedules thereto (including amendments, modifications or supplements to the Plan Documents at any time prior to the Effective Date) are incorporated by reference into, and are an integral part of, the Plan and this Confirmation Order.  The failure to reference any particular Plan Document, or any provision of any Plan Document or the Plan, in this Confirmation Order will have no effect on the Court's approval and authorization of, or the validity, binding effect or enforceability of, the Plan and the Plan Documents in their entirety.

2.    <u>Objections</u>.  Except to the extent expressly provided in this Confirmation Order, the Workers Objection and the Smerigan Objection are OVERRULED.

3.    <u>Binding Plan and Order</u>.  The provisions of the Plan and this Confirmation Order are hereby made binding upon the Debtor, the Reorganized Debtor and all holders of Claims or Interests, whether or not such Claims or Interests are impaired under the Plan and whether or not the holder of a Claim or Interest has filed, or is deemed to have filed, a proof of Claim or proof of Interest or has accepted the Plan.  As of the Effective Date, all Persons are precluded from asserting

18

against the Debtor, the Reorganized Debtor or any of their respective properties or assets, any debt, Claim, cause of action, other liability, right or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, other than as expressly provided in the Plan or this Confirmation Order, regardless of the filing, lack of filing, allowance or disallowance of such a Claim or Interest and regardless of whether any such Person has voted to accept the Plan.

4. <u>Classification and Treatment</u>. All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved. The treatment of all Claims and Interests as provided in the Plan and the Plan Supplement Documents shall be, and hereby is, approved.

5. <u>Vesting</u>. On the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of the Debtor's estate shall vest in the Reorganized Debtor free and clear of all Claims, liens, encumbrances, charges and other interests, except as provided in the Plan. The Reorganized Debtor may operate its businesses and may use, acquire and dispose of property and compromise or settle any Claims, including any Disputed Claims, without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provision of the Bankruptcy Code, except as provided in the Plan or in this Confirmation Order. Without limiting the foregoing, the Reorganized Debtor may pay the charges that it incurs on or after the Effective Date for professional fees and expenses, disbursements, expenses or related support services without application to, or approval of, the Bankruptcy Court. Except as provided in the Plan, the Debtor will, as the Reorganized Debtor, continue to exist after the Effective Date as a separate entity, with all of the powers of a limited liability company under applicable law and without prejudice to any right to alter or terminate such existence (whether by merger, dissolution or otherwise) under applicable state law.

6. <u>Authority to Carry Out Plan</u>. On the Effective Date, the Debtor and the Reorganized Debtor and their respective members, managers, directors, officers, agents, attorneys and representatives are (i) authorized and empowered to consummate all the provisions of the Plan and

1   to take such actions as may be necessary, useful or appropriate to effectuate, implement and

2   consummate the Plan and this Confirmation Order; and (ii) authorized to deliver, file and record

3   such documents, certificates, reports or instruments with the appropriate federal, state,

4   commonwealth, local, foreign or other governmental authorities and with such other entity or

5   entities as, in the sole judgment of such persons, may be necessary, useful or appropriate to

6   effectuate, implement or consummate the Plan and this Confirmation Order; in each case without

7   further notice to or order of this Court, act or action under applicable law, regulation, order or rule

8   or the vote, consent, authorization, or approval of any person or entity (other than as expressly

9   required by any applicable document or agreement).

10      7.      Enforceability of Plan and Plan Supplement.  Pursuant to sections 1123(a), 1141(a)

11   and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan and all

12   Plan-related documents (including, but not limited to, the Plan Documents once fully executed)

13   shall be, and hereby are, valid, binding and enforceable notwithstanding any otherwise applicable

14   nonbankruptcy law.  Each of the Plan Documents (to the extent not already approved by order of

15   this Court) is hereby approved.  From and after the Effective Date, the Reorganized Debtor may

16   modify or amend the Plan Documents or any other documents without further order of the Court.

17      8.      Amended and Restated Operating Agreement; Managers; New Membership

18   Interests.  The Amended and Restated Operating Agreement, a draft of which was filed with the

19   Court as part of the Plan Supplement on June 30, 2011, is hereby approved.  The designation of and

20   appointment by the First Lien Lender of James Freel and Joseph LoMonaco as the initial managers

21   of the Reorganized Debtor is hereby approved.  The Reorganized Debtor is hereby authorized and

22   directed to issue the New Membership Interests to ABQ Studios, LLC, or any other entity that the

23   First Lien Lender may designate on or prior to the Effective Date.

24      9.      Approval of Management Agreement.  The Management Agreement, a draft of

25   which was filed with the Court as part of the Plan Supplement on June 30, 2011, is hereby

26   approved.  The Reorganized Debtor is hereby authorized to enter into the Management Agreement

27   with ABQ Studios Management, LLC in accordance with the terms of the Plan, and to retain ABQ

28   Studios Management, LLC to manage the Property and the Studio (each as defined therein), in each

case subject to the terms of the Management Agreement and the instruction and direction of the Reorganized Debtor.

10.    <u>Acceptance by Governmental Authorities</u>.  Each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept and, as appropriate, file or record, any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.  All transfers to effectuate implement or consummate the transactions contemplated by the Plan, including without limitation, issuance of the New Membership Interests, are exempted from any stamp, excise or similar tax under section 1146(c) of the Bankruptcy Code, including without limitation recordation or transfer taxes.

11.    <u>Consent of Interest Holders, Member, Managers, Officers and Directors</u>.  All approvals and consents of the holders of Interests, members, managers, officers and directors of the Debtor, as may be necessary to implement and consummate the Plan, the transactions contemplated thereby and the actions authorized by this Confirmation Order, and/or that otherwise would have been required as a matter of corporate, limited liability or other applicable non-bankruptcy law or otherwise, shall be, and they hereby are, deemed granted, made or done without any requirement of further action by such holders of Interests, members, managers, officers or directors.

12.    <u>Approval Under Applicable Law</u>.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments and agreements related thereto and any modifications or amendments thereto.

13.    <u>Securities Act Exemption</u>.  Pursuant to section 1145 of the Bankruptcy Code, the issuance under the Plan of the New Membership Interests to the First Lien Lender or its designee and, except with respect to an entity that is an "underwriter" as defined in section 1145(b) of the Bankruptcy Code, the transfer of the New Membership Interests shall be exempt from registration under the Securities Act of 1933, as amended, and applicable state laws requiring registration or qualification of securities.

14.    <u>Executory Contracts and Unexpired Leases</u>.  The provisions of Section 8 of the Plan

regarding executory contracts and unexpired leases are hereby approved.  Without limiting the

foregoing, the assumption by the Reorganized Debtor of each of the unexpired leases and executory

contracts listed on the Schedule of Unexpired Leases and Executory Contracts to be Assumed that

was filed with the Plan Supplement, and with respect to Industrial Water Engineering Agreement as

provided on Exhibit D to the First Amended Disclosure Statement and on the record at the

Confirmation Hearing is hereby approved in all respects, subject to the terms of the Plan and this

Confirmation Order regarding cure payments.  Each such lease and contract to be assumed by the

Reorganized Debtor shall include all modifications, amendments, supplements, restatements or

other similar agreements made directly or indirectly by any agreement, instrument or other

document to which the Debtor's counterparties have assented that affects such lease or contract,

without regard to whether such agreement, instrument or other document is listed on the Schedule

of Unexpired Leases and Executory Contracts to be Assumed.  Except to the extent that different

treatment has been agreed to by the nondebtor party or parties to any executory contract or

unexpired lease to be assumed pursuant to the Plan, the Reorganized Debtor shall, pursuant to the

provisions of sections 1123(a)(5)(G) and 1123(b)(2) of the Bankruptcy Code and consistent with

the requirements of section 365 of the Bankruptcy Code, within thirty (30) days of the Confirmation

Date, file and serve a pleading with the Bankruptcy Court listing the cure amounts of all executory

contracts or unexpired leases to be assumed.  The parties to such executory contracts or unexpired

leases to be assumed by the Reorganized Debtor shall have fifteen (15) days from service to object

to the cure amounts listed by the Reorganized Debtor. If there are any objections filed, the

Bankruptcy Court shall hold a hearing. The Reorganized Debtor shall retain its right, with the

consent of the First Lien Lender, to reject any of its executory contracts or unexpired leases that are

subject to a dispute concerning amounts necessary to cure any defaults.

15.    <u>Rejection Claims</u>.  Each unexpired lease and executory contract that is rejected

pursuant to the Plan is deemed rejected by the Debtor as of the Effective Date, and the entry of this

Confirmation Order by the Bankruptcy Court constitutes approval of each such rejection pursuant

to sections 365(a) and 1123 of the Bankruptcy Code.  All proofs of claim arising from the rejection

of unexpired leased and executory contracts ("Rejection Claims") must be filed within thirty (30)

days after the Effective Date.  Any Claims arising from such rejection for which a proof of claim is

not timely filed will be forever barred from assertion against the Debtor or the Reorganized Debtor,

their Estates and property.  All Rejection Claims shall be subject to the discharge and permanent

injunction set forth in the Plan.

16.    Postpetition Contracts and Leases.  The Reorganized Debtor shall succeed to all of

the Debtor's rights and obligations under and in respect of all contracts and leases entered into by

the Debtor after the Commencement Date and remaining in effect on the Effective Date, all of

which shall continue in full force and effect in accordance with their respective terms.

17.    Cancellation and Termination of Securities, Instruments, Agreements and Interests.

On the Effective Date, except as otherwise provided in the Plan (including Sections 4.3 and 4.4. of

the Plan), all securities, instruments, documents and agreements evidencing or governing any

Claims or Interests impaired by the Plan or any rights of any holder of a Claim against the Debtor

shall be deemed cancelled and terminated with respect to the Debtor, the Reorganized Debtor and

the Reorganization Case.  Notwithstanding the foregoing or anything to the contrary in the Plan or

this Confirmation Order, the First Lien Lender Claims and the Second Lien Lender Claims against

the Debtor are discharged pursuant to the Plan, but nothing in the Plan or this Confirmation Order

shall affect (i) any of the rights or Claims of the First Lien Lender or the Second Lien Lender

against any Person (including the guarantors of the First Lien Lender Claims or the Second Lien

Lender Claims) other than the Debtor or (ii) the Intercreditor Agreement or any rights or obligations

of the First Lien Lender or the Second Lien Lender thereunder, all of which rights, Claims,

Intercreditor Agreement, rights and obligations shall survive and not be affected by the

confirmation and consummation of the Plan.

18.    Disputed Claims.  As provided in the Order Extending Date By Which Debtor Must

File Objections to Claims entered on June 17, 2011, the Debtor and the Reorganized Debtor shall be

entitled to file objections to all Claims that are not Allowed by the Plan or a Final Order, and any

objections to Claims shall be served and filed within 90 days after the entry of a final order

confirming the Plan or such later date as may be ordered by the Bankruptcy Court.

19.    <u>Discharge</u>.  Except as otherwise provided in the Plan, the Plan shall discharge the

Debtor and its successors in interest, effective on the Effective Date, from any Claim and any

"debt" (as the term is defined in section 101(12) of the Bankruptcy Code), and the Debtor's liability

in respect thereof is extinguished completely, whether reduced to judgment or not, liquidated or

non-liquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or

unmatured, disputed or undisputed, legal or equitable, known or unknown, that arose from any

agreement or obligation, from any conduct of the Debtor, or from any other fact or circumstance,

including, without limitation, all interest, if any, on any such Claim or debt, whether such interest

accrued before or after the Commencement Date, and from any liability of a kind specified in

sections 502(g), 502(h) and 502(i) of the Bankruptcy Code, whether or not a proof of claim is filed

or deemed filed under section 501 of the Bankruptcy Code, such Claim is allowed under

section 502 of the Bankruptcy Code, or the holder of such Claim has accepted the Plan.

20.    <u>Injunction</u>.  Except as otherwise expressly provided in the Plan or this Confirmation

Order, all Persons who have held, hold, or may hold Claims against or Interests in the Debtor that

arose before or were held as of the Effective Date, are permanently enjoined, on and after the

Effective Date, from (a) commencing or continuing in any manner any action or other proceeding

of any kind against the Debtor or the Reorganized Debtor with respect to any such Claim or

Interest, (b) the enforcement, attachment, collection, or recovery by any manner or means of any

judgment, award, decree, or order against the Debtor or the Reorganized Debtor on account of any

such Claim or Interest, (c) creating, perfecting, or enforcing any encumbrance of any kind against

the Debtor or the Reorganized Debtor or against the property or interests in property of the Debtor

or the Reorganized Debtor on account of any such Claim or Interest, and (d) asserting any right of

setoff or subrogation of any kind against any obligation due from the Debtor or the Reorganized

Debtor or against the property or interests in property of the Debtor or the Reorganized Debtor on

account of any such Claim or Interest.

21.    <u>Release and Injunction</u>.  In light of all of the circumstances and the record in this

Reorganization Case, including the evidence provided in the Plan, the Supporting Documents or at

the Confirmation Hearing, the provisions of Section 10 of the Plan shall be, and hereby are

24

approved in their entirety as set forth therein, subject to the modifications to Section 10.6(b) of the

Plan set forth in this Confirmation Order.  For the sake of clarity, and as set forth on the record of

the Confirmation Hearing, (a) the Second Lien Lender is not granting and shall not be deemed to

have granted the release set forth in Section 10.6(b) of the Plan; (b) to the extent of any

inconsistency, the First Lien Lender's rights pursuant to Section 4.3 of the Plan shall in no way be

abrogated by the provisions set forth in this Paragraph or in Section 10.6(b) of the Plan; and (c) to

the extent of any inconsistency, the Second Lien Lender's rights pursuant to Section 4.4 of the Plan

shall in no way be abrogated by the provisions set forth in this Paragraph or in Section 10.6(b) of

the Plan. With these modifications, each of the release and injunction provisions provided under the

Plan or in this Confirmation Order are hereby approved as being (i) within the jurisdiction of the

Court under 28 U.S.C. §§ 1334(a), 1334(b) and 1334(d); (ii) an essential means of implementing

the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) an integral element of the

transactions incorporated into the Plan; (iv) beneficial to and in the best interests of the Debtor, its

estate and its creditors; (v) critical to the overall objectives of the Plan; (vi) consistent with sections

105, 1123, 1129 and other applicable provisions of the Bankruptcy Code; and (vii) as to the First

Lien Lender and the DIP Lender, appropriate in light of the stipulation of the Debtor in the Final

DIP Order, which is binding on all persons and entities pursuant to the terms thereof, that as of

August 17, 2010, there existed no claim or cause of action against the First Lien Lender or the DIP

Lender with respect to, in connection with, related to, or arising from the First Lien Credit

Agreement or DIP Loan Agreement that could have been asserted by the Debtor or any other person

or entity.  <u>See</u> Final DIP Order, ¶¶ E(v) and 19.

       22.   <u>Exculpation</u>.  As of the Effective Date, none of the Debtor or the Debtor Affiliated

Parties shall have or incur any liability for any claim, cause of action or other assertion of liability

for any act taken or omitted to be taken in connection with, or arising out of, the Reorganization

Case, the negotiation, formulation, dissemination, confirmation, consummation or administration of

the Plan, or property to be distributed under the Plan, or any other act or omission in connection

with the Reorganization Case, the Plan or any contract, instrument, indenture or other agreement or

document related thereto or delivered thereunder; provided, however, that nothing in this Paragraph

or in Section 10.7 of the Plan (a) shall in any way operate to exculpate any party whatsoever other

than the Debtor and the Debtor Affiliated Parties, (b) shall exculpate any Debtor Affiliated Party for

any act or omission to the extent that such act or omission is determined by a Final Order of a court

of competent jurisdiction to have constituted negligence, gross negligence, willful misconduct,

fraud or criminal conduct, or (c) shall exculpate any Debtor Affiliated Party for any act or omission

that was taken in bad faith or that would not be protected by the business judgment rule.

23.    <u>Releases by the Debtor</u>.  As of the Confirmation Date, but subject to occurrence of

the Effective Date, for good and valuable consideration, the adequacy of which is hereby

confirmed, the Debtor, the Reorganized Debtor and any Person seeking to exercise the rights of the

Debtor's estate, including, without limitation, any successor to the Debtor or any estate

representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall

be deemed to unconditionally forever release, waive and discharge all claims, obligations, suits,

judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever (other than

for gross negligence, willful misconduct, intentional fraud or criminal conduct) in connection with

or related to the Debtor, the Reorganization Case or the Plan (other than the rights of the Debtor and

the Reorganized Debtor to enforce the Plan and the contracts, instruments, indentures and other

agreements or documents delivered or assumed hereunder), whether liquidated or unliquidated,

fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then

existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act,

omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any

way relating to the Debtor, the Reorganized Debtor, the Reorganization Case or the Plan, and that

may be asserted by or on behalf of the Debtor or the Reorganized Debtor against the Released

Parties; provided, however, that nothing in Section 10.6(a) of the Plan or this Confirmation Order

shall be deemed to prohibit the Debtor or the Reorganized Debtor from asserting and enforcing any

claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may

have against any employee (other than against any director or officer) that is based upon an alleged

breach of a confidentiality, non-compete or any other contractual or fiduciary obligation owed to

the Debtor through the Effective Date; provided, further, however that release in Section 10.6(a) of

the Plan and in this Paragraph of this Confirmation Order shall not operate as a waiver or release

from any claims or causes of action arising out of (i) the gross negligence, willful misconduct,

intentional fraud or criminal liability of any Person, and (ii) as to the directors and officers of the

Debtor, a breach of fiduciary duty prior to the Commencement Date.

24.    <u>Releases by Others</u>.  As of the Effective Date, and except as otherwise provided

herein or in the Plan (including without limitation as provided in Sections 4.3 and 4.4 of the Plan

regarding the survival of the Claims of the First Lien Lender and the Second Lien Lender against

any Person (including the guarantors of the First Lien Lender Claims or the Second Lien Lender

Claims) other than the Debtor), for good and valuable consideration, the adequacy of which is

hereby confirmed, (i) each holder of a Claim that voted in favor of the Plan (or is deemed to accept

the Plan), and (ii) to the fullest extent permissible under applicable law, as such law may be

extended or integrated after the Effective Date, each holder of a Claim or Equity Interest that does

not vote to accept the Plan or is deemed to reject the Plan, as applicable, shall be deemed to

unconditionally, forever release, waive and discharge each of the Released Parties, from any and all

claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and

liabilities whatsoever in connection with or related to the Debtor, the Reorganization Case or the

Plan whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or

unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise,

that are based in whole or part on any act, omission, transaction, event or other occurrence taking

place on or prior to the Effective Date in any way relating to the Debtor, the Reorganized Debtor,

the Reorganization Case or the Plan; provided, however, that the foregoing shall not operate as a

waiver or release from any causes of action arising out of the gross negligence, willful misconduct,

intentional fraud or criminal liability of any such Person.  For the sake of clarity, and as set forth on

the record of the Confirmation Hearing: (a) Second Lien Lender is not granting and shall not be

deemed to have granted the release set forth in this Paragraph and in Section 10.6(b) of the Plan;

and (b) to the extent of any inconsistency, First Lien Lender's rights pursuant to section 4.3 of the

Plan shall in no way be abrogated by the provisions set forth in this Paragraph and in Section

10.6(b) of the Plan.

25.    <u>Injunction Related to Releases</u>.  All Persons are permanently enjoined from commencing or prosecuting, whether directly, derivatively or otherwise, any claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, Claims or liabilities released pursuant to the Plan, as modified by this Confirmation Order.

26.    <u>Continuation of the Automatic Stay</u>.  All injunctions or stays imposed during the Reorganization Case or contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms until the Effective Date.  As of the Effective Date, the stay imposed by section 362 of the Bankruptcy Code shall be dissolved and of no further force and effect, subject to the injunction set forth herein and in the Plan and/or sections 524 and 1141 of the Bankruptcy Code, except that nothing herein shall bar the taking of such actions as are necessary to effectuate the transactions specifically contemplated by the Plan or by this Confirmation Order.

27.    <u>Administrative Expense Claims</u>.  All requests for payment of Administrative Expense Claims (except for Claims for Administrative Expenses incurred in the ordinary course of business and Claims under 28 U.S.C. § 1930) must be filed within thirty (30) days after the Effective Date or the holders thereof shall be forever barred from asserting such Administrative Expense Claims against the Debtor or the Reorganized Debtor, or recovering any distributions under the Plan.  All Professionals and other entities seeking payment in respect of services rendered or reimbursement of expenses incurred through and including the Effective Date under section 503(b)(2), 503(b)(3), 503(b)(4) or 503(b)(5) of the Bankruptcy Code shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is forty-five (45) days after the Effective Date, or such Professionals and entities shall be forever barred from asserting such Claims against the Debtor or the Reorganized Debtor, or recovering any distributions under the Plan.

28.    <u>Severability</u>.  Subject to waiver by the First Lien Lender or Reorganized Debtor, the provisions of this Confirmation Order shall not be severable and are mutually dependent upon one another in order for this Confirmation Order to remain valid and in full force and effect.

29.    <u>Retention of Jurisdiction</u>.  This Court shall have and retain jurisdiction of all matters related to the Reorganization Case and the Plan following the Confirmation Date as and to the

extent set forth in Section 11 of the Plan, including without limitation jurisdiction over motions for one or more orders in aid of confirmation of the Plan and property tax issues and proceedings under Section 505 of the Bankruptcy Code, whether or not such proceedings are commenced before the Effective Date.  This retention of jurisdiction shall not affect the finality of this Confirmation Order.

30.    <u>Entire Plan Enforceable</u>.  The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

31.    <u>Notice of Entry of the Confirmation Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), within twenty business days of the date of entry of this Confirmation Order, the Debtor shall give notice of the entry of this Confirmation Order by United States mail, first class postage prepaid, by hand, or by overnight courier service to all parties having been served with the Confirmation Hearing Notice; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any person to whom the Debtors mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such person, or are otherwise aware, of that person's new address. Mailing of the notice of entry of the Confirmation Order in the time and manner set forth in this Paragraph is good and sufficient under the particular circumstances and in accordance with the requirements of Bankruptcy Rule 2002 and 3020(c), and no further notice is necessary.

32.    <u>Status Conference</u>. Within 120 days of the entry of this Confirmation Order, the Reorganized Debtor shall file a status report explaining what progress has been made toward consummation of the confirmed plan of reorganization. The initial report shall be served on the United States Trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every ___ days thereafter and served on the same entities, unless otherwise ordered by the court.   A postconfirmation status conference will be held on _____, 2011 at ___.m. in Courtroom 303.

33.    <u>Inconsistency</u>.  In the event of any inconsistency between the Plan and this

Confirmation Order, this Confirmation Order shall govern.

34.    <u>Final Decree</u>.  As and when the Plan is fully administered, the Debtor shall move the

Court, pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, for a final

decree and order closing the Reorganization Case.

35.    <u>Final Order</u>.  This Confirmation Order is a final order and the period in which an

appeal must be filed shall commence upon the entry hereof.

36.    <u>Not Stayed</u>.  In accordance with Bankruptcy Rules 3020(e), 6004(h) and 6006(d)

(and notwithstanding any other provision of the Bankruptcy Code or the Bankruptcy Rules), this

Confirmation Order shall not be stayed and shall be effective immediately upon its entry.

###

DATED: July 27, 2011

_____
United States Bankruptcy Judge

| In re: PACIFICA MESA STUDIOS, LLC, etc.<br><br>Debtor(s). | CHAPTER  11<br>CASE NUMBER  1:10-bk-18827-GM |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing document **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** described will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____. I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **July 26, 2011,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**BY U.S. MAIL**

Honorable Geraldine Mund
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Suite 342
Woodland Hills, CA  91367-6606

United States Trustee (SV)
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

☒    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 26, 2011,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 26, 2011 | NIKOLA A. FIELDS | /s/ Nikola A. Fields |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

| In re:  PACIFICA MESA STUDIOS, LLC, etc.<br><br>Debtor(s). | CHAPTER  11<br>CASE NUMBER  1:10-bk-18827-GM |
| --- | --- |

## II. **SERVED BY U.S. MAIL**

Pacifica Mesa Studios, LLC
5236 Colodny Dr., Ste 101
Agoura Hills, CA 91301

Administaff Companies II, LP
Attn John Spurgin II, Sr VP Legal
19001 Crescent Springs Drive
Kingwood, TX  77339-3802

Accounting Principals
Attn:  Joanna Kraft
1 Independent Drive, Suite 800
Jacksonville, FL 32202

American Express  PMS
PO Box 650448
Dallas, TX  75265-0448

American Property Tax Co, Inc
Synergy Ventures, Inc
201 Third St., NW Ste 480
Albuquerque, NM  87102

Ballantines
10387 Lorenzo Dr.
Los Angeles, CA 90064

Bernalillo County Treasurer
Patrick Padilla
PO  Box 627
Albuquerque, NM 87103-0627

CDW Direct LLC
PO Box 75723
Chicago, IL  60675-5723

Cisco Systems Capital Corp
PO Box 41602
Philadelphia, PA  19101-1602

CMR Risk Insurance Svcs Inc
8880 Rio San Diego Dr, Ste 725
San Diego, CA 92108

Crown Jewel Popcorn
5620 Venice Ave. NE, Suite
Albuquerque, NM  87113

Crystal Springs
PO Box 90760
Albuquerque, NM  87199-0760

Database Works
500 S. Kraemer Blvd, Ste 110
Brea, CA  92821

Attys for Mesa del Sol
David A. Freedman
Freedman Boyd Hollander et al
20 First Plaza
Albuquerque, NM  87102

Digital Media Group
David A. Jones, General Counsel
Hubbard Media Group
3415 University Avenue
Saint Paul, MN  55114

Dell Business Credit
DFS Customer Care Dept
PO Box 81577
Austin, TX  78708-1577

Direct TV
PO Box 60036
Los Angeles, CA  90060-0036

FTP Productions Inc
Touchstone / ABC Studios
500 W Buena Vista St
Burbank, CA 91521

Fincham Trailer Rentals
5601 Wilshire NE
Albuquerque, NM  87113

Forever Green
5411 Grande Drive NW
Albuquerque, NM  87107

Go Green Recycling, LLC
610 Central Ave. SW
Albuquerque, NM  87102

Attys for Mesa del Sol
Floyd D. Wilson/John Myers
Myers Oliver Price, PC
1401 Central Ave.
Albuquerque, NM  87104

Atty for Nick Smerigan, Roadtown
Enterprises, Jeremy Hariton
Joseph L. Golden, Esq.
1801 Century Park E, 24th Fl
Los Angeles, CA  90067

Linda S. Koffman, Esq.
Gipson Hoffman Pancione
1901 Ave of the Stars, Ste 1100
Los Angeles, CA 90067-6002

Heritage Crystal Clean
13621 Collections Ctr Dr.
Chicago, IL  60693-0136

Hertz Equip. Rental fka
First Call Studio Equipment
12458 Gladstone Ave
Sylmar, CA  91342

Hilltop Landscape
PO Box 10630
Albuquerque, NM  87184

HRO
410 El Cerro
Los Lunas, NM  87031

Industrial Water Engineering Inc
7309 Jefferson NE
Albuquerque, NM  87109

JLS Security
PO BOX 36497
Albuquerque, NM 87176

Jason Potter
5650 University Blvd.
Albuquerque, NM  87106

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kwal Paint
1316 Texas Ave.
El Paso, TX 79901

Lexis Nexis
PO Box 894166
Los Angeles, CA 90189-4166

Longview Ultra I
c/o Amalgamated Bank
275 Seventh Avenue, 14th floor
New York, NY 10001

Mario's Catering, Inc
8100 M 4 Wyoming Bl Ste 182
Albuquerque, NM 87105

Millennium Maintenance Systems
26007 Huntington Ln #11
Valencia, CA 91355

Mesa del Sol, LLC
Attn: Floyd D. Wilson, Esq.
1401 Central Ave., NW
Albuquerque, NM 87104

National Registered Agents, Inc
100 Canal Pointe Blvd., Suite 212
Princeton, NJ 08540

Mariano Schwed
VP Litigation
NBC Universal, Inc.
30 Rockefeller Plaza
New York, NY 10112

New Mexico Lighting Grip Co
c/o Mariano Schwed, VP Litigation
NBC Universal, Inc.
30 Rockefeller Plaza
New York, NY 10112

New Mexico Environ Dept/HWB
Attn Charlotte Duran
2905 Rodeo Park Dr. East Bldg 1
Santa Fe, NM 87505

Attys for New Mexico
Educators Federal Credit Union
Donald R. Fenstermacher, Esq.
PO Box 8530
Albuquerque, NM 87198

New Mexico Taxation and
Revenue
PO Box 8575
Santa Fe, NM 87198-8575

Pacifica Ventures, LLC
120 Broadway, Suite 300
Santa Monica, CA 90401

Pitney Bowes
Attn Customer Support Services
2225 American Drive
Neenah, WI 54956

Producers Guild of America
8530 Wilshire Blvd Ste 450
Beverly Hills, CA 90211

Pulakos Alongi, Ltd
8801 Horizon Blvd,, NE Ste 300
Albuquerque, NM 87113

Sandia Office Supply
3831 Singer Blvd., NE
Albuquerque, NM 87109

Sandia Safe Lock
4318 Silver SE
Albuquerque, NM 87108-2723

Sign Design
204 Grove NE
Albuquerque, NM 87108

Sony Pictures Television. Inc.
(Topanga Productions)
Attn: Kathleen Hallinan, Esq.
Sony Pictures Entertainment
10202 W Washington Blvd.
Culver City, CA 90232-3195

Sound Signal Systems of NM Inc
3233 Stanford Drive NE
Albuquerque, NM 87107

Sprint
Customer Service
POB 8077
London, KY 40742

Studio Air
10208 San Bernardino NE
Albuquerque, NM 87122

Studio Concierge
PO Box 21519
Albuquerque, NM 87154-1519

Attys for Jason Hariton
Number Two, Burn & Rave
J. Chris Sweeney
1901 Ave of the Stars, 2nd Fl
Los Angeles, CA 90067

T Mobile
T Mobile Customer Svc.
PO Box 37380
Albuquerque, NM 87176-7380

Star Waggons
Jason Waggoner
13334 Ralston Avenue
Sylmar, CA 91342

Travelers
CL & Specialty
Remittance Center
Hartford, CT 06183-1008

Verizon Wireless
Verizon Wireless Bankruptcy
Admin
PO Box 3397
Bloomington, IL 61702

Vincent Productions, LLC
Dreamworks SKG
Attn: Marcia L Daley
100 Universal City Plz Bldg 5125
Universal City, CA 91608

Waste Management of New
Mexico
Rio Rancho Hauling
1580 E. Elwood St.
Phoenix, AZ 85040

Western States Fire Protection
1615½ University Blvd NE
Albuquerque, NM 87102

White Zuckerman Warsavsky
14455 Ventura Bl., 3d Floor
Sherman Oaks, CA 91423

Williams Scotsman
PO Box 91975
Chicago, IL 60693-1975

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Workers Realty Trust II, LP
c/o New Vista
fka Commonwealth Realty
20 South Clark St, Suite 3000
Chicago, IL 60603

Xerox Corporation
Attn: Vanessa Adams
1301 Ridgeview Drive-450
Lewisville, TX 75057

Yearout Mechanical, Inc
8501 Washington NE
Albuquerque, NM 87113

1680 PR
Attn Ken Lingard
5650 University Bl SE Bldg A
Rm 203
Albuquerque, NM 87106

Adam Barth
Absolut Video
5 Rico Court
Santa Fe, NM 87508

Black Swan and Associates, Inc
494 Vineyard Drive
Wood Ranch, CA 93065

Canteen Co. of New Mexico
Attn Kevin Callesen
4809 Hawkins NE
Albuquerque, NM 87109

Chris Hicks
c/o Kissen Studio Rentals, Inc.
3415 S. Sepulveda Blvd., #630
Los Angeles, CA 90034-6060

Attys for Amalgamated Bank (Longview Ultra)
Robert T. Schmidt, Esq.
Kramer Levin Naftalis & Frankel LLP
1117 Avenue of the Americas
New York, NY 10036

IRS
PO Box 7346
Philadelphia, PA 19101-7346

City of Albuquerque
Union Development Corp
122 Tulane Dr SE
Albuquerque, NM 87106

Dana Arnold
2544 3rd Street
Santa Monica, CA 90405

E Wireless dba MNM
Location Svcs
Attn Moises Barba
1310 Westwood Blvd
Los Angeles, CA 90024

Ease Entertainment Services
Attn Ruben Rodriguez
5650 University Blvd SE A 211
Albuquerque, NM 87106 Mail Rtd-NF

Entertainment Partners
Attn Michael K. Wofford
2835 M Naomi Street
Burbank, CA 91504-2024

Hal Katersky
508 W. Stafford Rd.
Thousand Oaks, CA 91361

Hilary Katersky
508 W Stafford Rd.
Thousand Oaks, CA 91361

Kissen Studio Rentals, Inc.
Richard Kissen
3415 S. Sepulveda Blvd #690
Los Angeles, CA 90034-6060

New Cingular Wireless PCS, LLC
Attn Lease Administration
12555 Cingular Way
Alpharetta, GA 30004-6502

New Mexico Film Rentals, Inc.
Attn Tom and Linda Shaughnessy
5650 University Blvd SE, A 205
Albuquerque, NM 87106

Randee Arnold
2544 3rd St.
Santa Monica, CA 90405

ThyssenKrupp Elevator
Corporation
8920 Adams Street NE, Suite B
Albuquerque, NM 87113

Wayne Rauschenberger
3807 San Felipe Ave.
Newbury Park, CA 91320

ReelzChannel LLC
c/o ABQ Studios
5650 University Blvd., Bldg D
Albuquerque, NM 87106

Attys for Digital Media Group
Fraser Reid
Hulsey Litigation Group, LLC
2 Wharfside 3-0
Charleston, SC 29401

American Infosource Lp
as Agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

1

2

III. **SERVED BY EMAIL**

3
- Paul M. Brent      snb300@aol.com
- Sara Chenetz      chenetz@blankrome.com, chang@blankrome.com

4
- Michael I. Gottfried      mgottfried@lgbfirm.com
- Peter F. Jazayeri      jazayeri@blankrome.com

5
- Monika J. Machen      mmachen@polsinelli.com
- David J. Richardson      djr@thecreditorslawgroup.com

6
- S Margaux Ross      margaux.ross@usdoj.gov
- Jacob Sellers      jsellers@winthrop.com

7
- Jerry L. Switzer      jswitzer@polsinelli.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re:  PACIFICA MESA STUDIOS, LLC, etc. <br><br> Debtor(s). | CHAPTER  11 <br> CASE NUMBER  1:10-bk-18827-GM |

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order.  As of **July 26, 2011,** the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

**Paul M. Brent** – snb300@aol.com
**Sara Chenetz** – chenetz@blankrome.com, chang@blankrome.com
**Michael I. Gottfried** – mgottfried@lgbfirm.com, msaldana@lgbfirm.com;nceresreto@lgbfirm.com
**Peter F. Jazayeri** – jazayeri@blankrome.com
**Monika J. Machen** – mmachen@polsinelli.com
**David J. Richardson** – djr@thecreditorslawgroup.com
**S. Margaux Ross** – margaux.ross@usdoj.gov
**Robyn B. Sokol** – ecf@ebg-law.com, rsokol@ebg-law.com
**Jerry L. Switzer** – jswitzer@polsinelli.com
**United States Trustee (SV)** – ustpregion16.wh.ecf@usdoj.gov

☐　　Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:**  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐　　Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**:  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒　　Service information continued on attached page

| In re:  PACIFICA MESA STUDIOS, LLC, etc.          Debtor(s). | CHAPTER  11<br>CASE NUMBER  1:10-bk-18827-GM |
|---|---|

## III.  SERVED BY THE LODGING PARTY

Pacifica Mesa Studios, LLC
5236 Colodny Dr., Ste 101
Agoura Hills, CA 91301

Administaff Companies II, LP
Attn John Spurgin II, Sr VP Legal
19001 Crescent Springs Drive
Kingwood, TX  77339-3802

Accounting Principals
Attn:  Joanna Kraft
1 Independent Drive, Suite 800
Jacksonville, FL 32202

American Express  PMS
PO Box 650448
Dallas, TX  75265-0448

American Property Tax Co, Inc
Synergy Ventures, Inc
201 Third St., NW Ste 480
Albuquerque, NM  87102

Ballantines
10387 Lorenzo Dr.
Los Angeles, CA 90064

Bernalillo County Treasurer
Patrick Padilla
PO  Box 627
Albuquerque, NM 87103-0627

CDW Direct LLC
PO Box 75723
Chicago, IL  60675-5723

Cisco Systems Capital Corp
PO Box 41602
Philadelphia, PA  19101-1602

CMR Risk Insurance Svcs Inc
8880 Rio San Diego Dr, Ste 725
San Diego, CA 92108

Crown Jewel Popcorn
5620 Venice Ave. NE, Suite
Albuquerque, NM  87113

Crystal Springs
PO Box 90760
Albuquerque, NM  87199-0760

Database Works
500 S. Kraemer Blvd, Ste 110
Brea, CA  92821

Attys for Mesa del Sol
David A. Freedman
Freedman Boyd Hollander et al
20 First Plaza
Albuquerque, NM  87102

Digital Media Group
David A. Jones, General Counsel
Hubbard Media Group
3415 University Avenue
Saint Paul, MN  55114

Dell Business Credit
DFS Customer Care Dept
PO Box 81577
Austin, TX  78708-1577

Direct TV
PO Box 60036
Los Angeles, CA  90060-0036

FTP Productions Inc
Touchstone / ABC Studios
500 W Buena Vista St
Burbank, CA 91521

Fincham Trailer Rentals
5601 Wilshire NE
Albuquerque, NM  87113

Forever Green
5411 Grande Drive NW
Albuquerque, NM  87107

Go Green Recycling, LLC
610 Central Ave. SW
Albuquerque, NM  87102

Attys for Mesa del Sol
Floyd D. Wilson/John Myers
Myers Oliver Price, PC
1401 Central Ave.
Albuquerque, NM  87104

Atty for Nick Smerigan, Roadtown
Enterprises, Jeremy Hariton
Joseph L. Golden, Esq.
1801 Century Park E, 24th Fl
Los Angeles, CA  90067

Linda S. Koffman, Esq.
Gipson Hoffman Pancione
1901 Ave of the Stars, Ste 1100
Los Angeles, CA 90067-6002

Heritage Crystal Clean
13621 Collections Ctr Dr.
Chicago, IL  60693-0136

Hertz Equip. Rental fka
First Call Studio Equipment
12458 Gladstone Ave
Sylmar, CA  91342

Hilltop Landscape
PO Box 10630
Albuquerque, NM  87184

HRO
410 El Cerro
Los Lunas, NM  87031

Industrial Water Engineering Inc
7309 Jefferson NE
Albuquerque, NM  87109

JLS Security
PO BOX 36497
Albuquerque, NM 87176

Jason Potter
5650 University Blvd.
Albuquerque, NM  87106

Kwal Paint
1316 Texas Ave.
El Paso, TX  79901

Lexis Nexis
PO Box 894166
Los Angeles, CA 90189-4166

Longview Ultra I
c/o Amalgamated Bank
275 Seventh Avenue, 14th floor
New York, NY 10001

Mario's Catering, Inc
8100 M 4 Wyoming Bl Ste 182
Albuquerque, NM 87105

Millennium Maintenance Systems
26007 Huntington Ln #11
Valencia, CA 91355

Mesa del Sol, LLC
Attn:  Floyd D. Wilson, Esq.
1401 Central Ave., NW
Albuquerque, NM 87104

National Registered Agents, Inc
100 Canal Pointe Blvd., Suite 212
Princeton, NJ  08540

Mariano Schwed
VP Litigation
NBC Universal, Inc.
30 Rockefeller Plaza
New York, NY  10112

New Mexico Lighting Grip Co
c/o Mariano Schwed, VP Litigation
NBC Universal, Inc.
30 Rockefeller Plaza
New York, NY  10112

New Mexico Environ Dept/HWB
Attn  Charlotte Duran
2905 Rodeo Park Dr. East Bldg 1
Santa Fe, NM 87505

Attys for New Mexico
Educators Federal Credit Union
Donald R. Fenstermacher, Esq.
PO Box 8530
Albuquerque, NM  87198

New Mexico Taxation and
Revenue
PO Box 8575
Santa Fe, NM  87198-8575

Pacifica Ventures, LLC
120 Broadway, Suite 300
Santa Monica, CA  90401

Pitney Bowes
Attn Customer Support Services
2225 American Drive
Neenah, WI 54956

Producers Guild of America
8530 Wilshire Blvd  Ste 450
Beverly Hills, CA 90211

Pulakos Alongi, Ltd
8801 Horizon Blvd,, NE Ste 300
Albuquerque, NM 87113

Sandia Office Supply
3831 Singer Blvd., NE
Albuquerque, NM 87109

Sandia Safe Lock
4318 Silver SE
Albuquerque, NM  87108-2723

Sign Design
204 Grove NE
Albuquerque, NM  87108

Sony Pictures Television. Inc.
(Topanga Productions)
Attn:  Kathleen Hallinan, Esq.
Sony Pictures Entertainment
10202 W Washington Blvd.
Culver City, CA 90232-3195

Sound Signal Systems of NM Inc
3233 Stanford Drive NE
Albuquerque, NM  87107

Sprint
Customer Service
POB 8077
London, KY  40742

Studio Air
10208 San Bernardino NE
Albuquerque, NM  87122

Studio Concierge
PO Box 21519
Albuquerque, NM  87154-1519

Attys for Jason Hariton
Number Two, Burn & Rave
J. Chris Sweeney
1901 Ave of the Stars, 2nd Fl
Los Angeles, CA  90067

T Mobile
T Mobile Customer Svc.
PO Box 37380
Albuquerque, NM  87176-7380

Star Waggons
Jason Waggoner
13334 Ralston Avenue
Sylmar, CA  91342

Travelers
CL & Specialty
Remittance Center
Hartford, CT  06183-1008

Verizon Wireless
Verizon Wireless Bankruptcy
Admin
PO Box 3397
Bloomington, IL  61702

Vincent Productions, LLC
Dreamworks SKG
Attn:  Marcia L Daley
100 Universal City Plz Bldg 5125
Universal City, CA 91608

Waste Management of New
Mexico
Rio Rancho Hauling
1580 E. Elwood St.
Phoenix, AZ  85040

Western States Fire Protection
1615½  University Blvd NE
Albuquerque, NM  87102

White Zuckerman Warsavsky
14455 Ventura Bl., 3d Floor
Sherman Oaks, CA 91423

Williams Scotsman
PO Box 91975
Chicago, IL  60693-1975

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Workers Realty Trust II, LP
c/o New Vista
fka Commonwealth Realty
20 South Clark St, Suite 3000
Chicago, IL 60603

Xerox Corporation
Attn: Vanessa Adams
1301 Ridgeview Drive-450
Lewisville, TX 75057

Yearout Mechanical, Inc
8501 Washington NE
Albuquerque, NM 87113

1680 PR
Attn Ken Lingard
5650 University Bl SE Bldg A
Rm 203
Albuquerque, NM 87106

Adam Barth
Absolut Video
5 Rico Court
Santa Fe, NM 87508

Black Swan and Associates, Inc
494 Vineyard Drive
Wood Ranch, CA 93065

Canteen Co. of New Mexico
Attn Kevin Callesen
4809 Hawkins NE
Albuquerque, NM 87109

Chris Hicks
c/o Kissen Studio Rentals, Inc.
3415 S. Sepulveda Blvd., #630
Los Angeles, CA 90034-6060

City of Albuquerque
Union Development Corp
122 Tulane Dr SE
Albuquerque, NM 87106

Dana Arnold
2544 3rd Street
Santa Monica, CA 90405

E Wireless dba MNM
Location Svcs
Attn Moises Barba
1310 Westwood Blvd
Los Angeles, CA 90024

~~Ease Entertainment Services~~
~~Attn Ruben Rodriguez~~
~~5650 University Blvd SE A 211~~
~~Albuquerque, NM 87106~~ Mail Rtd-NF

Entertainment Partners
Attn Michael K. Wofford
2835 M Naomi Street
Burbank, CA 91504-2024

Hal Katersky
508 W. Stafford Rd.
Thousand Oaks, CA 91361

Hilary Katersky
508 W. Stafford Rd.
Thousand Oaks, CA 91361

Kissen Studio Rentals, Inc.
Richard Kissen
3415 S. Sepulveda Blvd #690
Los Angeles, CA 90034-6060

New Cingular Wireless PCS, LLC
Attn Lease Administration
12555 Cingular Way
Alpharetta, GA 30004-6502

New Mexico Film Rentals, Inc.
Attn Tom and Linda Shaughnessy
5650 University Blvd SE, A 205
Albuquerque, NM 87106

Randee Arnold
2544 3rd St.
Santa Monica, CA 90405

ThyssenKrupp Elevator
Corporation
8920 Adams Street NE, Suite B
Albuquerque, NM 87113

Wayne Rauschenberger
3807 San Felipe Ave.
Newbury Park, CA 91320

ReelzChannel LLC
c/o ABQ Studios
5650 University Blvd., Bldg D
Albuquerque, NM 87106

Attys for Digital Media Group
Fraser Reid
Hulsey Litigation Group, LLC
2 Wharfside 3-0
Charleston, SC 29401

American Infosource Lp
as Agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Attys for Amalgamated Bank (Longview Ultra)
Robert T. Schmidt, Esq.
Kramer Levin Naftalis & Frankel LLP
1117 Avenue of the Americas
New York, NY 10036

IRS
PO Box 7346
Philadelphia, PA 19101-7346